# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| Plaintiff, | )<br>)  Civil Action Number<br>)  **2:10-cv-02601-AKK** |
| vs. | )  **(Lead Case)**<br>) |
| **$894,800.00 IN UNITED STATES CURRENCY,** | )<br>)<br>) |
| Defendant. | ) |
| **JABARI MOSLEY,** | ) |
| Plaintiff, | )<br>)<br>) |
| vs. | )  Civil Action Number<br>)  **2:10-cv-02817-AKK** |
| **ALABAMA LOCK & KEY CO, INC.; CITY OF BIRMINGHAM; UNITED STATES OF AMERICA,** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| **UNITED STATES OF AMERICA,** | )<br>)<br>) |
| Plaintiff, | )<br>)  Civil Action Number |
| v. | )  **2:11-cv-01156-AKK**<br>) |
| **$25,000.00 IN UNITED STATES CURRENCY,** | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This consolidated action is before the court on Jabari Mosley's "Motion to Remand, for Abstention, for Transfer of Forfeiture Action to the Circuit Court of Jefferson County, Alabama, for Stay of Forfeiture Action, and Protective Filing of an Answer," doc. 6,[1] his Motion to Dismiss, doc. 7, and Alabama Lock & Key Co.'s Motion to Dismiss, 10-2817, doc. 15. For the reasons stated below, each motion is DENIED.

## I. BACKGROUND

### A. *Factual Background*

On the morning of May 18, 2010, Ross Spurlock, a locksmith at Alabama Lock & Key Co. ("ALK"), received a telephone call from a man inquiring whether ALK could open a safe for which he forgot the combination. Doc. 1 ¶ 5(a). Spurlock answered affirmatively and that afternoon Mosley arrived at ALK with a safe. *Id*. at ¶ 5(b). Spurlock opened the safe and observed a large amount of money inside it. *Id*. Indeed, the safe contained $894,800 in United States currency, packed in 7 plastic bags that held 99 bundles (the "defendant currency"). *Id*. at ¶ 5(d). In light of the large amount of money, Spurlock told Mosley that he had to call the police. *Id*. ¶ 5(b). To entice Spurlock to refrain from calling the

---

[1] This action consists of three consolidates cases. Unless otherwise noted, reference to a document number, "Doc. ___," refers to the number assigned to documents in the lead case 2:10-cv-2601-AKK.

2

police, Mosley offered him one of the seven bags of money. *Id*. Spurlock declined. Doc. 1 ¶ 5(c).

City of Birmingham police officers arrived at ALK with a drug-detection dog that indicated the presence of drugs in the safe. *Id*. Shortly thereafter, task-force officers for the United States Drug Enforcement Administration ("DEA"), including John M. Walker, arrived and interviewed Mosley. *Id*. at ¶ 5(d). Mosley asserted that the safe belonged to him and that he had saved the defendant currency over a 10-year period. *Id*.

The defendant currency is now in the possession of the United States, but a dispute exists over who actually *seized* it. Mosley asserts that Spurlock *seized* the currency and *transferred* it to the custody of Birmingham police officers, who in turn *transferred* it to Walker, who then *delivered* it to the United States. Doc. 6 at 4 ¶ 3. The United States asserts that Walker *seized* the currency on its behalf. Doc. 8 at 2-3.

### B.   *Procedural History*

On May 21, 2010, Mosley filed an *in rem* action in the Circuit Court of Jefferson County seeking "return of property unlawfully seized," or, in the alternative, a civil action against ALK, the City of Birmingham, and Walker, in his capacity as a DEA officer, for "wrongfully seiz[ing]" the currency and/or "wrongfully and unlawfully transfer[ing]" the currency to the United States. 10-

3

2817, doc. 1 at 10-12. As relief, Mosley seeks:

    A.    That Defendants appear and show cause, if any there be, why Plaintiff's personal property should not be immediately returned to him;

    B.    That Plaintiff's personal property be released and returned to him immediately upon Defendants failure to show just cause for its deprivation from him;

    C.    That costs be taxed against Defendants; and

    D.    That Plaintiff be awarded such other, further, different, and appropriate relief as the Court deems just.

*Id.* at 12.

Several months later, on September 24, 2010, the United States filed an *in rem* action in this court seeking forfeiture of the defendant currency pursuant to 21 U.S.C. § 881(a)(6).[2] Doc. 1 ¶ 7. This court has jurisdiction under 28 U.S.C. § 1355, which states: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or *forfeiture*, pecuniary or otherwise, incurred

---

[2]Title 21 U.S.C. § 881(a)(6), provides:

    The following shall be subject to forfeiture to the United States and no property right shall exist in them:

    All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

under any Act of Congress." § 1355(a) (emphasis added); *see also* 21 U.S.C. § 81(c) ("Property taken or detained under this section . . . shall be deemed to be in the custody of the Attorney General, subject only to the orders and decrees of the court or the official having jurisdiction thereof."); 28 U.S.C. § 1345 ("the district courts shall have original jurisdiction of all civil actions . . . commenced by the United States").

On October 18, 2010, Walker removed Mosley's state-court action to this court. 10-2817, doc. 1.  On October 21, 2010, this court substituted the United States for Walker and, at the United States' request, consolidated Mosley's case with its forfeiture action.  10-2817, docs. 8, 10.  Almost a month later, on November 18, 2010, DEA agents seized $25,000 in United States currency from Mosley's residence in Shelby County, leading to another *in rem* action in this court by the United States seeking forfeiture of the $25,000 pursuant to 21 U.S.C. § 881(a)(6).  11-1156, doc. 1.  On May 2, 2011, this court, at Mosley's request, consolidated this new forfeiture action with the previously consolidated cases. Docs. 14, 15.

## II.  DISCUSSION

### A.   *Motion to Remand*

Mosley moves first to remand his lawsuit back to the Circuit Court of Jefferson County, contending that this court's jurisdiction does not extend to

Spurlock's seizure of his private property.  Doc. 6 at 5.  The United States disagrees and asserts that jurisdiction is proper under the doctrine of adoptive forfeiture, which provides that "'the United States' adoption of the State's seizure of [the plaintiffs'] cash has the same effect as if the government had originally seized the currency.'"  *Edney v. City of Montgomery*, 960 F. Supp. 270, 273 (M.D. Ala. 1997) (quoting *United States v. $119,000 in United States Currency*, 793 F. Supp. 246, 249 (D. Haw. 1992)).  Thus, once a federal agency adopts the seizure, "'the property is not repleviable, subject only to orders from the court having jurisdiction over the forfeiture proceeding,'" and "it is the federal district court that has original jurisdiction of a federal forfeiture action."  *Id*.

Significantly, Mosley acknowledges that the United States adopted the seizure before he commenced his state-court action.  *See* 10-2817, doc. 1 at 12 ¶ 12 (alleging that the defendant currency "has been wrongfully and unlawfully transferred . . . to the United State Department of Justice Drug Enforcement Administration pursuant to a program known as 'adoptive seizure'").  Thus, under the doctrine of adoptive forfeiture, this court has jurisdiction over the defendant currency, and, consequently, Mosley's *in rem* action seeking return of the currency.  The motion to remand is therefore denied.[3]

---

[3] For the same reasons, Mosley's Motion to Dismiss, doc. 7, which he filed in "an abundance of caution" to ensure compliance with the "complex and tedious procedures" in forfeiture actions is also due to be denied.

6

### B.     *Motion to Abstain*

Mosley moves also for the court to abstain from exercising jurisdiction over his action and the government's first forfeiture action, cases 10-2817 and 10-2601, on the ground that he filed his action first and that these matters are *state* court controversies involving *state* law.  Doc. 6 at 6-7.  The United States responds that abstention is inappropriate because both actions involve *federal* law and the conduct of a *federal* employee acting in his official duty.  Doc. 8 at 5.  In reply, Mosley identifies, for the first time, various doctrines of abstention, particularly *Younger*, doc. 11 at 1-2, none of which are appropriate here.

Briefly, as background, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that, based on interests of comity and federalism, absent unusual circumstances, a federal court should not exercise jurisdiction when an action restrains a criminal prosecution pending in state court.  401 U.S. at 43-44.  The Supreme Court subsequently extended *Younger* abstention to "noncriminal judicial proceedings when important *state* interests are involved." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (emphasis added).  In *Middlesex*, the Court delineated three requisites to *Younger* abstention: "*first*, do [the proceedings] constitute an ongoing state judicial proceeding; *second*, do the proceedings implicate important state interests; and *third*, is there an adequate opportunity in the state proceedings to raise

7

constitutional challenges." 457 U.S. at 432 (emphasis original). Thus, the Supreme Court counsels "federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

Mosley's application of *Younger* abstention is misguided however because the United States cannot bring its forfeiture claim for the defendant currency in a state court and, therefore, its forfeiture action does not constitute the form of interference *Younger* prohibits. *See Middlesex*, 457 U.S. at 432 (a requisite for *Younger* abstention is "an adequate opportunity in the state proceedings to raise" the federal claims). As referenced above, 28 U.S.C. § 1355 provides that "district courts shall have original jurisdiction, *exclusive of the courts of the States*, of any action or proceeding for . . . forfeiture . . . incurred under any Act of Congress," and here the United States seeks forfeiture of the defendant currency under an Act of Congress – 21 U.S.C. § 881(a)(6). § 1355(a) (emphasis added). Thus, federal court is the exclusive forum for adjudication of the United States' forfeiture action over the defendant currency. Moreover, Mosley arguably alleges tort claims against Walker, in his official capacity as a DEA agent, and these claims cannot proceed in state court because they are cognizable only pursuant to the Federal Tort Claims Act, which states:

> "[T]he district courts . . . shall have *exclusive jurisdiction* of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b)(1) (emphasis added). *See also Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1071 (8th Cir. 1996) ("Abstention under *Younger*, however, is inappropriate where a federal court has exclusive jurisdiction over a claim.") (citing *Int'l Ass'n of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995), *cert. denied*, 516 U.S. 1072 (1996); *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980)). Accordingly, *Younger* abstention is inappropriate in this case.

Mosley also asserts in his reply brief that *Colorado River*,[4] *Pullman*,[5] and *Thibodaux*[6] doctrines of abstention apply because "there is an unsettled question of state law that will be dispositive of this case, and [abstention] can avoid or substantially modify any applicable constitutional questions." Doc. 11 at 6-7. However, the parties have not raised any federal constitutional questions in either the state or the federal action as required by the *Colorado River*, *Pullman*, and

---

[4] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[5] *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

[6] *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959).

9

*Thibodaux* abstention doctrines.  *See Siegel v. Lepore*, 234 F.3d 1163, 1174 (11th Cir. 2000) (*en banc*) ("Because abstention is discretionary, it is only appropriate when the question of state law can be fairly interpreted to avoid adjudication of the constitutional question.").  Moreover, the *Colorado River* and *Thibodaux* abstention doctrines are inappropriate because Mosley's state-court action is not a parallel proceeding that can provide complete resolution of all the issues between the parties.  *See Colorado River*, 424 U.S. at 817 (abstention arises in "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts"); *Thibodaux*, 360 U.S. at 30-31 (a district court should abstain from the exercise of *diversity* jurisdiction over a state-law eminent domain action).  And lastly, for *Pullman* abstention to apply, "(1) the case must present an unsettled question of state law, and (2) the question of state law must be dispositive of the case or would materially alter the constitutional question presented." *Siegel*, 234 F.3d at 1174.  Here, the question of whether Spurlock lawfully seized the defendant currency under Alabama law is not dispositive of the United States' forfeiture action or Mosley's action in view of the doctrine of adoptive forfeiture.  In *United States v. $6,207.00 in United States Currency*, No. 2:08-cv-999-MEF, 2009 WL 2169167, *5 (M.D. Ala. 2009), the Middle District of Alabama recognized that in *Taylor v. United States*, 44 U.S. 197 (1845), Justice Story incorporated the doctrine of adoptive forfeiture into

American jurisprudence from the common law:

> At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. *So that it is wholly immaterial in such a case who makes the seizure*, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause.

44 U.S. at 205 (emphasis added). Thus, whether Spurlock's actions complied with Alabama law is irrelevant here. For the foregoing reasons, the court finds that the posture and issues in these cases do not justify abstention.[7]

### C. *Alabama Lock & Key's Motion to Dismiss Mosley's Case*

Finally, ALK moves to dismiss Mosley's lawsuit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. 10-2817, doc. 15. ALK argues that Mosley failed to allege any substantive claims against it, and instead merely seeks return of the defendant currency, which it does not possess. *Id*. at 2. Thereafter, Mosley filed a First Amended Complaint adding a claim of conversion against ALK. 10-2817, Doc. 16. In light of Mosley's amended complaint, ALK's motion to dismiss is denied.

---

[7]In view of the court's denial Mosley's motions for remand and abstention, his requests for transfer the government's forfeiture action to the Circuit Court for Jefferson County or, alternatively, a stay the action are moot.

DONE this 10th of June, 2011.

                                  **ABDUL K. KALLON**
                            UNITED STATES DISTRICT JUDGE